### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GLYNS BARTOW, personally and as<br>Administratrix for the Estate of NANCY<br>MOORE,<br>　　　　　　Plaintiff | )<br>)<br>)<br>)<br>) | C.A. No. 06-102 Erie |
| v. | )<br>) | |
| CAMBRIDGE SPRINGS SCI, et al.,<br>　　　　　　Defendants. | )<br>)<br>) | District Judge McLaughlin<br>Magistrate Judge Baxter |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.      RECOMMENDATION**

　　　　　It is respectfully recommended that:

　　　　　　　　1.　　Defendant Cambridge Springs SCI's motion to dismiss [Document # 6]
　　　　　　　　　　　be granted; and

　　　　　　　　2.　　Defendant Dr. Randy Edwards' motion to dismiss Plaintiff's Complaint
　　　　　　　　　　　[Document # 8] and motion to dismiss Plaintiff's Amended Complaint
　　　　　　　　　　　[Document # 12] be granted.

　　　　It is further recommended that Plaintiff's claims against Defendants John Doe 1, John

Doe 2, and John Doe 3, be dismissed in their entirety, as Plaintiff has failed to serve said

Defendants within 120 days, in accordance with the requirements of Rule 4(m) of the Federal

Rules of Civil Procedure.

**II.      REPORT**

　　　　**A.      Relevant Procedural History**

　　　　On May 3, 2006, Plaintiff Glyns Bartow, the Administratrix of the Estate of her mother,

Nancy Moore ("Moore"), a former inmate at the State Correctional Institution at Cambridge

Springs, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983, against

Defendants Cambridge Springs SCI; Randy J. Edwards, D.O. ("Edwards"), a physician under

contract to perform medical services at Cambridge Springs SCI; John Doe 1, identified as an

1

individual who "provides medical services at the prison infirmary at Cambridge Springs SCI;" John Doe 2, identified as an "administrator for the Pennsylvania Department of Corrections and/or SCI Cambridge Springs;" and John Doe 3, who is also identified as an "administrator for the Pennsylvania Department of Corrections and/or SCI Cambridge Springs."

Plaintiff alleges that "defendants inappropriately, with complete indifference to [Moore's] health prescribed improper drugs for her and in such high doses that it resulted in [her] death." (Document # 1, Complaint at ¶ 1; Document # 11, Amended Complaint at ¶ 1). As a result, Plaintiff has brought three separate claims: (i) a claim against all Defendants for violation of Moore's Eighth Amendment rights; (ii) a claim against the John Doe Defendants for conspiracy to deprive Plaintiff of her First Amendment right to have access to the courts; and (iii) a Pennsylvania state tort claim against Defendant Edwards for medical negligence. (Document # 1, Complaint at ¶¶ 36-48; Document # 11, Amended Complaint at ¶¶ 36-48). As relief for her claims, Plaintiff seeks compensatory and punitive damages.

On July 18, 2006, Defendant Cambridge Springs SCI filed a motion to dismiss [Document # 6], contending that Plaintiff is precluded from bringing a Section 1983 claim against a state entity. Plaintiff filed a brief in opposition to this motion on August 3, 2006. [Document # 10].

On July 14, 2006, Defendant Edwards filed a motion to dismiss Plaintiff's Complaint [Document # 8], arguing, inter alia, that Plaintiff's Eighth Amendment claim is barred by the applicable statute of limitations and that Plaintiff's medical negligence claim is barred by her failure to attach a Certificate of Merit required by Rule 1042.3 of the Pennsylvania Rules of Civil Procedure. In response, Plaintiff filed an Amended Complaint, which contains the identical allegations and claims set forth in the original Complaint, but adds an attached "Certificate of Merit as to Dr. Randy Edwards." (Document # 11, Amended Complaint at p. 11). Defendant Edwards  filed a subsequent motion to dismiss Plaintiff's Amended Complaint [Document # 12], essentially raising the same arguments as contained in his first motion. Plaintiff has filed a brief in opposition to Defendant Edwards motion to dismiss Plaintiff's Amended Complaint [Document # 14].

2

None of the John Doe Defendants has been identified or served by Plaintiff since the filing of the original Complaint.  This matter is now ripe for consideration.

**B.      Relevant Factual History**[1]

On or around December 30, 2003, while Moore was incarcerated at Cambridge Springs SCI, she was examined by Defendant Edwards, who admitted her to the SCI infirmary for treatment of swelling in her face, neck, and lower extremities. (Document # 1, Complaint, at ¶¶ 19-20).[2]  Upon her admission to the infirmary, Edwards prescribed Prednisone, Nubain, and Tylenol # 3 for Moore's pain. (Id. at ¶ 21).  On or around January 2, 2004, Defendant Edwards increased the dosages of Prednisone and Nubain after Moore complained of worsening pain in her hips and back. (Id. at ¶ 22).  On or around January 4, 2004, prison medical staff members notified Defendant Edwards of Moore's deteriorating medical condition and ordered her taken to the Meadville Medical Center. (Id. at ¶ 23).

Moore remained at the Meadville Medical Center until January 9, 2004, when Defendants John Doe 2 and John Doe 3 ordered Moore to be removed from the hospital and returned to the prison infirmary for treatment. (Id. at ¶ 26).  On January 9, 2004, while Moore was confined at the prison infirmary, infirmary personnel administered four doses of Ativan, two doses of Zyvox, and two doses of Nubain. (Id. at ¶ 28).  Moore subsequently experienced low body temperature, rapid pulse, shallow and rapid breathing, and low blood pressure, and ultimately slipped into a coma. (Id. at ¶¶ 29-30).  On or around January 10, 2004, More was returned to the Meadville Medical Center, where she was admitted with a diagnosis of bilateral pneumonia. (Id. at ¶ 31).  Moore's condition continued to deteriorate until she passed away on January 15, 2004.

---

[1]

The facts set forth herein are essentially taken verbatim from Plaintiff's complaint.

[2]

Since the allegations and paragraph structure of the complaint and amended complaint are identical, this Court will cite only the allegations of the original complaint throughout the remainder of this Report and Recommendation.

On or around January 16, 2004, an autopsy was performed by Patrick W. McHenry ("McHenry"), the Crawford County Coroner. (Id. at ¶ 33). On or around May 5, 2004, after an investigation by McHenry and a forensic pathologist, it was determined that Moore died of a drug overdose. (Id. at ¶ 34). Later that same day, the coroner informed Plaintiff of his finding that Moore's death resulted from an overdose of drugs she received at the prison infirmary. (Id. at ¶ 35).

### C.    Standard of Review

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000). The motion cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). See also Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002).

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. The issue is not whether the plaintiff will prevail at the end but whether he should be entitled to offer evidence in support of his claim. Neitzke v. Williams, 490 U.S. 319 (1989); Scheuer v. Rhodes, 419 U.S. 232 (1974). However, a court need not credit a complaint's "bald assertions" or "legal conclusions" when deciding a motion to dismiss. Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997) citing In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1429-30 (3d Cir.1997). Therefore, in order to survive a motion to dismiss for failure to state a claim, the complaint must only set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted. See Swierkiewicz.

4

### D.      Discussion

#### 1.      Claim Against Cambridge Springs SCI

_____It appears from the Complaint that the only claim Plaintiff brings against Defendant Cambridge Springs SCI is an Eighth Amendment claim under 42 U.S.C. § 1983. (Document # 1, Complaint, at ¶¶ 36-39).  However, the Eleventh Amendment to the United States Constitution precludes suits for monetary damages against a state and its agencies in federal court.  Chittister v. Dep't of Community and Economic Development, 226 F.3d 223 (3d Cir. 2000)(Eleventh Amendment bars individuals from seeking monetary damages from state governments or state agencies).[3]  See, also, Demyon v. Pennsylvania Dep't of Corrections, 2001 WL 1083936 at *3 (M.D.Pa. 2001), citing Alabama v. Pugh, 438 U.S. 781, 782 (1978)(The United States Supreme Court has held that this [Eleventh Amendment] immunity does apply specifically to § 1983 claims").  As a result, Plaintiff's claim against Defendant Cambridge Springs SCI is barred by the Eleventh Amendment and should be dismissed.

#### 2.      Eighth Amendment Claim - Statute of Limitations

_____Defendant Edwards contends that Plaintiff's Eighth Amendment claim against him under 42 U.S.C. § 1983 should be dismissed as a result of Plaintiff's failure to comply with the applicable statute of limitations.  The statute of limitations applicable to a § 1983 claim is the limitations period for personal injury actions under state law. City of Rancho Palos Verdes, California v. Abrams, 544 U.S. 113 (2005); Wilson v. Garcia, 471 U.S. 261, 276-80 (1985).  In Pennsylvania, the limitations period for a personal injury claim resulting in death is two years. 42 Pa.C.S.A. § 5524(2); Wolfe v. Horn, 130 F.Supp.2d 648 (E.D.Pa. 2001).  This two-year statute of limitations is also applicable to wrongful death and survival actions predicated upon

---

[3]

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.  Thus, absent express consent by the state in question or a clear and unequivocal waiver by Congress, states and state agencies are immune from suit in federal court.  See Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996); Koslow v. Commonwealth of Pennsylvania, 302 F.3d 161 (3d Cir. 2002).

the death of an individual.  <u>Pastierik v. Duquesne Light Company</u>, 514 Pa. 517, 526 A.2d 323

(1987).  The limitations period begins to run from the date of death of the decedent.  <u>Pastierik</u>,

514 Pa. at 523, 526 A.2d at 327; <u>Pennock v. Lenzi</u>, 882 A.2d 1057, 1060 (Pa. Cmwlth. 2005).

As explained by the Pennsylvania Supreme Court in <u>Pastierik</u>:

> . . . death is a definitely established event.  Upon the death of an
> individual, survivors are put on clear notice thereof, and they have the
> opportunity to proceed with scientific examinations aimed at
> determining the exact cause of death so that a wrongful death action, if
> warranted, can be filed without additional delay.  Such examinations,
> including autopsies, are designed to make a final determination as to the
> cause of death, and they are not restrained or limited in their scope, as
> would be examination of living persons, by the need to avoid intrusive
> or destructive examination procedures.  **Because death is not an event
> that is indefinite as to the time of its occurrence, and because
> survivors are immediately put on notice that they may proceed to
> determine the cause of death, there is no basis to regard the cause
> of action for death as accruing at any time other than at death. . . .**
>
> *                    *                    *
>
> In the context of survival actions, which ... merely permit a personal
> representative to pursue a cause of action that had already accrued to a
> victim prior to death, the <u>Pocono</u> rule causes the statute of limitations to
> commence to run on the date when the victim ascertained, or in the
> exercise of due diligence should have ascertained, the fact of a cause of
> action.  **In no case, however, can that date be later than the date of
> death; hence the statute runs, at the latest, from death. . . .**

<u>Pastierik</u>, 526 A.2d at 326-327 (emphasis added).

In this case, Moore's death occurred on January 16, 2004; however, this case was not

instituted until May 3, 2006, nearly four months beyond the expiration of the two-year statute of

limitations.  Plaintiff argues that the autopsy report that provided the basis for her claims was

not issued until May 5, 2004, and, thus, the limitations period should not begin to run until such

time.  In making this argument, Plaintiff is attempting to invoke a discovery rule that would

extend the commencement of the statute of limitations until the date Plaintiff knew or should

have known of the cause of decedent's death.  However, in Pennsylvania, the discovery rule

does not apply to toll the statute of limitations for filing wrongful death or survival claims.

<u>Weingarten v. Liggett Group, Inc.</u>, 1999 U.S. Dist. LEXIS 18265 (W.D.Pa. 1999)(Ambrose, J.);

Pastierik, 526 A.2d at 327; Pennock, 882 A.2d at 1060.[4]

Under Pennsylvania law, "[a]bsent fraud or concealment, judicial extensions of the statute of limitations are expressly forbidden." Lyons, 187 Fed. Appx. at 221.  The doctrine of "fraudulent concealment" has been described by the Pennsylvania Superior Court as follows:

> Where through fraud or concealment, the defendant causes the plaintiff to relax his vigilance or deviate from his right of inquiry, the defendant is estopped from invoking the bar of the statute of limitations. Moreover, defendant's conduct need not rise to fraud or concealment in the strictest sense, that is, with an intent to deceive; unintentional fraud or concealment is sufficient.  Mere mistake, misunderstanding, or lack of knowledge is insufficient, however, and the burden of proving such fraud or concealment, by evidence which is clear, precise and convincing, is upon the asserting party....  In general, to qualify as grounds on which a claim that an action is time barred may be equitably estopped, the [fraudulent] conduct complained of must be something amounting to an affirmative inducement to plaintiff to delay bringing the action.

Kaskie v. Wright, 589 A.2d 213, 215 (Pa.Super. 1991).

Accordingly, to escape the bar of the statute of limitations, Plaintiff must ultimately prove by clear and convincing evidence that Defendant Edwards "affirmatively induced" her to "relax [her] vigilance or deviate from [her] right of inquiry" through fraud or concealment.  In her brief, Plaintiff argues that her Amended Complaint does, in fact "raise issues of fraudulent concealment" sufficient to toll the running of the statute of limitations. (Document # 14 at p. 6). In particular, Plaintiff cites paragraph 12 of both her Amended Complaint, in which she alleges the following:

> The plaintiff has a federally guaranteed right to pursue legal actions without interference from the defendants and others, who upon information and belief, conspired to hide information from the plaintiff to prevent her from filing any legal actions against them.

(Document # 11, Amended Complaint, at ¶ 12).

The foregoing statement, standing alone, is both vague and conclusory, and is not

---

[4]

"Like the statute of limitations, tolling rules in § 1983 actions are taken from the rules of the forum state, unless they conflict with federal law or policy."  Lyons v. Emerick, 187 Fed. Appx. 219, 221 (3d Cir. 2006), citing, 42 U.S.C. § 1988; Hardin v. Straub, 490 U.S. 536, 539 (1989).  In this regard, "[t]he tolling rules for personal injury actions in Pennsylvania are stricter than their federal analogue."  Id., citing Lake v. Arnold, 232 F.3d 360, 370 (3d Cir. 2000).

sufficient to equitably estop the application of the statute of limitations in this case.  Moreover,
the Amended Complaint later clarifies that the "defendants and others" Plaintiff claims to have
conspired to hide information from her were Defendants John Doe 1, John Doe 2, and John Doe
3. (See Document # 11, Amended Complaint, at ¶¶ 41-44).  Plaintiff conspicuously fails to
allege that Defendant Edwards personally, or in concert with any other Defendant, concealed
anything from Plaintiff in an affirmative attempt to induce her to delay the filing of this case
beyond the applicable statute of limitations.  As a result, Plaintiff's Eighth Amendment claim
against Defendant Edwards should be dismissed for failure to comply with the applicable two-
year statute of limitations.

### 3.      Defendants John Doe 1, John Doe 2, and John Doe 3

Plaintiff has asserted a First Amendment claim against Defendants John Doe 1, John
Doe 2, and John Doe 3, for conspiracy to withhold information regarding Moore's death to
prevent Plaintiff from pursuing legal action. (Document # 1, Complaint, at ¶¶ 41-44; Document
# 11, Amended Complaint, at ¶¶ 41-44).  However, Plaintiff has never specifically identified the
names of the John Doe Defendants.  Because these Defendants have not been properly
identified, personal service was never effectuated pursuant to Rule 4(e) of the Federal Rules of
Civil Procedure, and no attorney has entered an appearance on their behalf.  Under Federal Rule
of Civil Procedure 4(m), service must be made upon a Defendant within 120 days after the filing
of a Complaint.  This was not done.  As a result, the individual Defendants identified as "John
Doe 1, John Doe 2, and John Doe 3," as well as the claims asserted against them, should be
dismissed pursuant to Fed.R.Civ.P. 4(m).

### 4.      Medical Negligence Claim

In Count III of her Complaint, Plaintiff asserts a state tort claim of medical negligence
against Defendant Edwards; however, this Court has no independent basis of federal jurisdiction
to hear Plaintiff's state claim.  In light of the recommended dismissal of Plaintiff's federal law
claims, and finding no consideration requiring the retention of Plaintiff's state law claim, this

Court, in its discretion and pursuant to 28 U.S.C. § 1367, declines to exercise supplemental jurisdiction over Plaintiff's medical negligence claim.

### III    CONCLUSION

For the foregoing reasons, it is respectfully recommended that:

1.    Defendant Cambridge Springs SCI's motion to dismiss [Document # 6] be granted; and

2.    Defendant Dr. Randy Edwards' motion to dismiss Plaintiff's Complaint [Document # 8] and motion to dismiss Plaintiff's Amended Complaint [Document # 12] be granted.

It is further recommended that Plaintiff's claims against Defendants John Doe 1, John Doe 2, and John Doe 3, be dismissed in their entirety, as Plaintiff has failed to serve said Defendants within 120 days, in accordance with the requirements of Rule 4(m) of the Federal Rules of Civil Procedure.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.


S/Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief U.S. Magistrate Judge


Dated: February 2, 2007

cc:    The Honorable Sean J. McLaughlin
United States District Judge

9